## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**GREGORY T. HOWARD,**

      **Plaintiff,**

                              **Civil Action 2:14-cv-743**

      **v.**                          **Judge Michael H. Watson**

                              **Magistrate Judge Elizabeth P. Deavers**

**OHIO STATE SUPREME COURT,** *et al.,*

      **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Gregory T. Howard, who is proceeding without the assistance of counsel, brings this action against Defendants under 42 U.S.C. § 1983, alleging constitutional violations arising from Defendants' orders designating Plaintiff as a vexatious litigator. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

**I.**

The Court assumes for the purpose of the initial screen that the following allegations contained in Plaintiff's Complaint are true.  Plaintiff brings this action against current and former Ohio Supreme Court Justices, [1] Franklin County Court of Common Pleas and Tenth District Court of Appeals Judges, [2] the Franklin County Clerk of Courts, the Industrial Commission of Ohio, the Ohio Bureau of Workers' Compensation, various private attorneys from the firm Eastman & Smith, Ltd. , [3] and Spartan Stores Associates, LLC, alleging violations of his Constitutional rights under § 1983.  Plaintiff's action stems from a 2005 case ("Case No. 05CV-000398") he brought in the Franklin County Court of Common Pleas.  According to Plaintiff, the court deemed him a "vexatious litigator" under Ohio Revised Code § 2323.54 and required him to seek leave of Court in order to continue or institute any further legal proceedings in Ohio courts.  Plaintiff posits that, since that time, the Supreme Court Defendants and the Franklin County Judicial Defendants have denied him leave to proceed in his pending cases. Plaintiff asserts by designating him as a vexatious litigator, Defendants have denied his First and Fourteenth Amendment right to access the courts.  Finally, Plaintiff contends that the state courts violated both the Ohio and United States Constitutions by refusing to issue an award of damages in his original action.

---

[1] The Ohio Supreme Court Defendants include former Chief Justice Thomas J. Moyer, current Chief Justice Maureen O'Connor, former Justices Evelyn Lundberg Stratton and Alice Robie Resnick, and current Justices Terrence O'Donnell, Paul E. Pfeifer, and Judith Ann Lanzinger ("Supreme Court Defendants").

[2] The Franklin County Defendants include Judges Kimberly Cocroft, Patrick Sheeran, David Fais, Gary Tyack, Amy O'Grady, John A. Conner, Julia Dorrian, Betsy L. Schuster, and Lisa Sadler ("Franklin County Judicial Defendants").

[3] The Eastman & Smith Defendants include Thomas A. Dixon, Margaret M. Sturgeon, and Heidi N. Eischen ("Eastman & Smith Defendants").

Plaintiff asks this Court to enter a default judgment in Case No. 05CV-000398. Additionally, he asks the Court to award him $70,883,050.35 in damages, which he calculates as the amount due from Case No. 05CV-000398.  (Compl. ¶ 29, ECF No. 1-2.)  He also seeks a declaration that Ohio Revised Code § 2323.52 and Supreme Court Practice Rule 4.03 are unconstitutional, both facially and as applied to Plaintiff.  He asks this Court to declare that all of the final orders issued in Case No. 05CV-000398 are unconstitutional and grant a reversal of those orders.  Finally, Plaintiff seeks additional damages of $1,000,000 and a permanent injunction against Defendants to prevent them from enforcing the vexatious litigator statute against him in the future.  (Compl ¶ D, ECF No. 1-2.)

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> *              *              *
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

---

[1]Formerly 28 U.S.C. § 1915(d).

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court

4

holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"
*Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April
1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## III.

### A.     Plaintiff's Claims Related to Case No. 05-CV00398

The Undersigned concludes that this Court does not have subject matter jurisdiction over
Plaintiff's attempt to overturn the rulings of the Ohio Supreme Court, the Ohio Tenth District
Court of Appeals, and the Franklin County Court of Common Pleas.  "'Federal courts are courts
of limited jurisdiction.'"  *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v.
Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "The basic statutory grants of federal
court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for
'[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship
jurisdiction."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006).

A doctrine known as *Rooker-Feldman* further limits this Court's jurisdiction to adjudicate
appeals from or collateral attacks on state-court rulings.  *See Rooker v. Fidelity Trust Co.,* 263
U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 476
(1983).  "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court
decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28
U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters."  *In
re Cook*, 551 F.3d 542, 548 (6th Cir. 2009).  The *Rooker-Feldman* doctrine applies to cases
"brought by state-court losers complaining of injuries caused by state-court judgments rendered
before the district court proceedings commenced and inviting district court review and rejection
of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005).

"The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548.

Applying the foregoing, the Undersigned concludes that the *Rooker-Feldman* doctrine operates to bar this Court from exercising jurisdiction over Plaintiff's attempt to collaterally attack the result in Case No. 05CV-00398.  In his Complaint, Plaintiff asks this Court to grant a default judgment against Defendants in Case No. 05CV-000398, to award damages, and to declare the orders of the state court judges unconstitutional.  The source of Plaintiff's injury is necessarily the state court's judgment that he is a vexatious litigator.  Plaintiff's constitutional challenge to the state court's ruling does not abrogate the impact of the *Rooker-Feldman* doctrine.  *See Feldman*, 460 U.S. at 483 n.16 (noting that a district court does not have jurisdiction over constitutional challenges to a state court's action); *Hall v. Callahan*, 727 F.3d 450, 454 (6th Cir. 2013) (holding that the *Rooker-Feldman* doctrine barred federal courts from considering plaintiffs' § 1983 challenge to their status as vexatious litigators).  Accordingly, the Undersigned recommends that Plaintiff's claims seeking a reversal of his state court case be dismissed for lack of subject matter jurisdiction.

To the extent Plaintiff seeks a declaration that Ohio's vexatious litigator statute is unconstitutional, that claim is not barred by the *Rooker-Feldman* doctrine.  *See Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002) (holding that the *Rooker-Feldman* doctrine did not bar a '"general challenge to the constitutionality of the state law applied in the state action."') (quoting *Catz v. Chalker,* 142 F.3d 279, 293) (6th Cir. 1998)).  Plaintiff's claim, however, has no merit.  While access to the courts is a fundamental right, "the ability to file

frivolous lawsuits is not." *Hall*, 727 F.3d at 456. Furthermore, "vexatious conduct is not protected by the First Amendment." *Id.* (affirming the district court's holding that Ohio's vexatious litigator statute did not violate plaintiff's constitutional rights) (citing *Grundstein v. State of Ohio*, No. 1:06-CV-2381, 2006 WL 3499990, at *3-4 (N.D. Ohio Dec. 5, 2006)). The Undersigned therefore recommends that Plaintiff's constitutional challenges to Ohio Revised Code § 2323.54 be dismissed for failure to state a claim upon which relief can be granted.

**B.     Immunity**

Plaintiff's claims against the Franklin County Clerk of Courts, the Supreme Court Defendants, and the Franklin County Judicial Defendants are barred by absolute judicial immunity. Judges who preside over courts of general jurisdiction are "absolutely immune from suits for damages even if they act erroneously, corruptly, or in excess of jurisdiction." *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985). Similarly, court officers such as clerks of court are entitled to absolute immunity. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) ("It is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions."); *Hargis v. Jones*, 986 F.2d 1421, at *1 (6th Cir. 1993) (concluding that a county clerk was "entitled to a grant of absolute immunity from a suit for monetary damages.").

Although two exceptions to the doctrine of judicial immunity exist, Plaintiff does not indicate in his Complaint that either of those two circumstances is present here. *See Stump v. Sparkman*, 435 U.S. 349, 357 (1978) (recognizing exceptions to judicial immunity where a judge acts in the "clear absence of all jurisdiction," or when the judge performs "non judicial acts."). Specifically, Plaintiff does not challenge the Ohio Supreme Court Defendants or the Franklin County Judicial Defendants' jurisdiction to preside over Case No. 05CV-000398. Plaintiff's

Complaint does not make any specific allegations against the Clerk of Courts. In addition, the various judicial officers' decision to designate Plaintiff a vexatious litigator constitutes a judicial act subject to immunity. *DiPiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999) (holding that to determine whether an act is "non judicial" courts look to the nature of the act itself, especially where it is one that a judge normally performs, as well as the expectations of the parties, including whether they were dealing with the judge in his or her judicial capacity). The Undersigned therefore recommends that Plaintiff's claims against the Ohio Supreme Court Defendants and the Franklin County Judicial Defendants be dismissed.

**C.     Eleventh Amendment Immunity**

Plaintiff's claims for monetary damages against the Ohio Supreme Court, the Industrial Commission of Ohio, and the Ohio Bureau of Workers' Compensation are barred by the Eleventh Amendment of the United States Constitution. The Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.,* 211 F.3d 331, 334 (6th Cir.2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan,* No. 10–2185, 2013 WL 3455488, at *3 (6th Cir. July 10, 2013) (citing *Quern v. Jordan,* 440 U.S. 332, 341 (1979)). The Supreme Court of Ohio, the Industrial Commission of Ohio, and the Ohio Bureau of Workers' Compensation are agencies or departments of the State of Ohio. Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio,* 193 F.3d 389, 397 (6th Cir.1999). Thus, dismissal of Plaintiff's claims against the state agency Defendants pursuant to § 1915(e) is appropriate.

**D.     State Action**

To the extent that Plaintiff has remaining claims against Spartan Stores, LLC, and the

Eastman & Smith Defendants, those claims also fail.  "'To state a claim under 42 U.S.C. § 1983,

a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a

right secured by the Constitution or the laws of the United States (2) caused by a person acting

under the color of state law.'"  *Miller v. Sanilac Cnty.*, 606 F.3d 240, 247 (6th Cir. 2010)

(quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).  The United States

Court of Appeals for the Sixth Circuit has described the test to determine whether a private entity

was acting under the color of state law as follows:

> In order for a private party's conduct to be under color of state law, it must be
> "fairly attributable to the State." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937
> (1982).  The actions of private individuals may be under color of state law when
> "significant state involvement attaches to the action." *Wagner v. Metropolitan
> Nashville Airport Authority,* 772 F.2d 227, 229 (6th Cir. 1985). The required
> nexus between the State and the private party may be shown where the State has
> "exercised coercive power or has provided such significant encouragement, either
> overt or covert, that the choice must in law be deemed to be that of the State."
> *Blum v. Yaretsky,* 457 U.S. 991, 1004, 102 S.Ct. 2777, 2786, 73 L.Ed.2d 534
> (1982).

*Simescu v. Emmet Cnty. Dep't of Soc. Servs*., 942 F.2d 372, 374 (6th Cir. 1991).

According to Plaintiff, Spartan Stores, LLC, is a private business.  (Compl. ¶ 6, ECF No.

1-2) ("Defendant, Spartan Stores Associates, LLC., is a corporation incorporated under the laws

of Michigan . . . .").  Nowhere in his Complaint does Plaintiff assert that Spartan Stores, LLC,

was acting under color of state law.  Because the First and Fourteenth Amendments restrain only

state actions, his constitutional claims against Spartan Stores, LLC, necessarily fail.

Nor does Plaintiff make any showing that the Eastman & Smith Defendants acted under

the color of state law.  Plaintiff describes these defendants as "attorneys of the private law firm

of Eastman & Smith, Ltd., who previously represented plaintiff's former employer in certain

administrative and state court proceedings."  (Compl. ¶ 5, ECF No. 1-2.)   Private attorneys

participating in state court litigation do not act under the color of state law.  *See Polk Cnty. v.*

*Dodson*, 454 U.S. 312, 321 (1918) (concluding that even public defenders do not act under the

color of state law when performing "a lawyer's traditional functions."); *Hill v. McClellan*, 490

F.2d 859, 860 (5th Cir. 1974) ("Lawyers who participate in the trial of a private state court

litigation are not state functionaries acting under color of state law within the meaning of the

Federal Civil Rights Acts . . . .").  Accordingly, the Undersigned recommends that Plaintiff's

claims against Spartan Stores, LLC, and Thomas Dixon, Margaret M. Sturgeon, and Heidi N.

Eischen be dismissed for failure to state a claim upon which relief can be granted.

## IV.

For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this

action pursuant to § 1915(e)(2).

## PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he

may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review by the District Judge and

waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex*

*Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate

judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


Date:   July 23, 2014                                      _____/s/ *Elizabeth A. Preston Deavers*_
                                                                      Elizabeth A. Preston Deavers
                                                                      United States Magistrate Judge

11