UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**GREGORY T. HOWARD,**

  **Plaintiff,**

  v.

           Civil Action 2:14-cv-743
          Judge Michael H. Watson
          Magistrate Judge E. P. Deavers

**OHIO SUPREME COURT,** *et al.,*

  **Defendants.**

## OPINION AND ORDER

Plaintiff, Gregory T. Howard, who is proceeding without the assistance of counsel, brings this action against Defendants under 42 U.S.C. Section 1983, alleging that Defendants violated his constitutional rights by designating him as a vexatious litigator and that Ohio Revised Code Section 2323.54, Ohio's vexatious litigator statute, is unconstitutional. Plaintiff also brings state law claims of willful neglect and fraud. This matter is before the Court for consideration of the July 23, 2014 Report and Recommendation of the United States Magistrate Judge (ECF No. 5) and Plaintiff's Objections to the Report and Recommendation (ECF Nos. 6,10). For the reasons stated below, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation.

I.

The Magistrate Judge recommended dismissal of Plaintiff's claims pursuant to 28 U.S.C. Section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. The Magistrate Judge summarized Plaintiff's claims as follows:

> Plaintiff brings this action against current and former Ohio Supreme Court Justices, Franklin County Court of Common Pleas and Tenth District Court of Appeals Judges, the Franklin County Clerk of Courts, the Industrial Commission of Ohio, the Ohio Bureau of Workers' Compensation, various private attorneys from the firm Eastman & Smith, Ltd., and Spartan Stores Associates, LLC, alleging violations of his Constitutional rights under § 1983. Plaintiff's action stems from a 2005 case ("Case No. 05CV-000398") he brought in the Franklin County Court of Common Pleas. According to Plaintiff, the court deemed him a "vexatious litigator" under Ohio Revised Code § 2323.54 and required him to seek leave of Court in order to continue or institute any further legal proceedings in Ohio courts. Plaintiff posits that, since that time, the Supreme Court Defendants and the Franklin County Judicial Defendants have denied him leave to proceed in his pending cases. Plaintiff asserts [that] by designating him as a vexatious litigator, Defendants have denied his First and Fourteenth Amendment right to access the courts. Finally, Plaintiff contends that the state courts violated both the Ohio and United States Constitutions by refusing to issue an award of damages in his original action.
>
> Plaintiff asks this Court to enter a default judgment in Case No. 05CV-000398. Additionally, he asks the Court to award him $70,883,050.35 in damages, which he calculates as the amount due from Case No. 05CV-000398. (Compl. ¶ 29, ECF No. 1-2.) He also seeks a declaration that Ohio Revised Code § 2323.52 and Supreme Court Practice Rule 4.03 are unconstitutional, both facially and as applied to Plaintiff. He asks this Court to declare that all of the final orders issued in Case No. 05CV-000398 are unconstitutional and grant a reversal of those orders. Finally, Plaintiff seeks additional damages of $1,000,000 and a permanent injunction against Defendants to prevent them from enforcing the vexatious litigator statute against him in the future. (Compl ¶ D, ECF No. 1-2.)

(Report and Recommendation 2-3, ECF No. 5 (footnotes omitted).)

2

The Magistrate Judge found that this Court lacks subject matter jurisdiction over Plaintiff's claims related to the state-court rulings in Case Number 05CV-00398. The Magistrate Judge explained as follows:

> A doctrine known as *Rooker-Feldman* . . . limits this Court's jurisdiction to adjudicate appeals from or collateral attacks on state-court rulings. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983). "The *Rooker-Feldman* doctrine embodies the notion that appellate review of state-court decisions and the validity of state judicial proceedings is limited to the Supreme Court under 28 U.S.C. § 1257, and thus that federal district courts lack jurisdiction to review such matters." *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). The *Rooker-Feldman* doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005). "The pertinent question in determining whether a federal district court is precluded under the *Rooker-Feldman* doctrine from exercising subject-matter jurisdiction over a claim is whether the 'source of the injury' upon which plaintiff bases his federal claim is the state court judgment." *In re Cook*, 551 F.3d at 548.
> 
> Applying the foregoing, the Undersigned concludes that the *Rooker-Feldman* doctrine operates to bar this Court from exercising jurisdiction over Plaintiff's attempt to collaterally attack the result in Case No. 05CV-00398. In his Complaint, Plaintiff asks this Court to grant a default judgment against Defendants in Case No. 05CV-000398, to award damages, and to declare the orders of the state court judges unconstitutional. The source of Plaintiff's injury is necessarily the state court's judgment that he is a vexatious litigator. Plaintiff's constitutional challenge to the state court's ruling does not abrogate the impact of the *Rooker-Feldman* doctrine. *See Feldman*, 460 U.S. at 483 n.16 (noting that a district court does not have jurisdiction over constitutional challenges to a state court's action); *Hall v. Callahan*, 727 F.3d 450, 454 (6th Cir. 2013) (holding that the *Rooker-Feldman* doctrine barred federal courts from considering plaintiffs' § 1983 challenge to their status as vexatious litigators). Accordingly, the Undersigned recommends that Plaintiff's claims seeking a reversal of his state court case be dismissed for lack of subject matter jurisdiction.

3

(*Id.* at 5-6.)  The Magistrate Judge then addressed Plaintiff's constitutional challenge to Ohio Revised Code Section 2323.54.  The Magistrate Judge concluded that the claim was meritless:

> To the extent Plaintiff seeks a declaration that Ohio's vexatious litigator statute is unconstitutional, that claim is not barred by the *Rooker-Feldman* doctrine. *See Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002) (holding that the *Rooker-Feldman* doctrine did not bar a "'general challenge to the constitutionality of the state law applied in the state action.'") (quoting *Catz v. Chalker,* 142 F.3d 279, 293) (6th Cir. 1998)).  Plaintiff's claim, however, has no merit.  While access to the courts is a fundamental right, "the ability to file frivolous lawsuits is not." *Hall*, 727 F.3d at 456.  Furthermore, "vexatious conduct is not protected by the First Amendment." *Id.* (affirming the district court's holding that Ohio's vexatious litigator statute did not violate plaintiff's constitutional rights) (citing *Grundstein v. State of Ohio*, No. 1:06-CV-2381, 2006 WL 3499990, at *3-4 (N.D. Ohio Dec. 5, 2006)).  The Undersigned therefore recommends that Plaintiff's constitutional challenges to Ohio Revised Code § 2323.54 be dismissed for failure to state a claim upon which relief can be granted.

(*Id.* at 6.)

The Magistrate Judge next found that Plaintiff's claims against the Franklin County Clerk of Courts, the Ohio Supreme Court Defendants, and the Franklin County Judicial Defendants are barred by absolute judicial immunity.  She explained that "judges who preside over courts of general jurisdiction are 'absolutely immune from suits or damages even if they act erroneously, corruptly, or in excess of jurisdiction.'" *Id.* (citing *King v. Love,* 766 F.2d 962, 965 (6th Cir. 1985).  She further explained that court officers, such as clerks of court, are also entitled to absolute judicial immunity. *Id.* (citing *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988).

4

In addition, the Magistrate Judge concluded that Plaintiff's claims for monetary damages against the Ohio Supreme Court, the Industrial Commission of Ohio, and the Ohio Bureau of Workers' Compensation are barred by the Eleventh Amendment to the United States Constitution. She explained that,

> [t]he Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.,* 211 F.3d 331, 334 (6th Cir.2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Michigan,* No. 10–2185, 2013 WL 3455488, at *3 (6th Cir. July 10, 2013) (citing *Quern v. Jordan,* 440 U.S. 332, 341 (1979)). The Supreme Court of Ohio, the Industrial Commission of Ohio, and the Ohio Bureau of Workers' Compensation are agencies or departments of the State of Ohio. Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit for monetary damages. *Mixon v. State of Ohio,* 193 F.3d 389, 397 (6th Cir.1999). Thus, dismissal of Plaintiff's claims against the state agency Defendants pursuant to § 1915(e) is appropriate.

(Recommendation and Report 8, ECF No. 5.)

Finally, the Magistrate Judge found that Plaintiff fails to state a claim against Defendant Spartan Stores, LLC, and the Eastman & Smith Defendants because they were not acting under color of state law as required under Section 1983. She explained as follows:

> "'To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or the laws of the United States (2) caused by a person acting under the color of state law.'" *Miller v. Sanilac Cnty.,* 606 F.3d 240, 247 (6th Cir. 2010) (quoting *Sigley v. City of Parma Heights,* 437 F.3d 527, 533 (6th Cir. 2006)).

\* \* \*

5

>     According to Plaintiff, Spartan Stores, LLC, is a private business. . . . Nowhere in his Complaint does Plaintiff assert that Spartan Stores, LLC, was acting under color of state law. Because the First and Fourteenth Amendments restrain only state actions, his constitutional claims against Spartan Stores, LLC, necessarily fail.
>
>     Nor does Plaintiff make any showing that the Eastman & Smith Defendants acted under the color of state law. . . . Private attorneys participating in state court litigation do not act under the color of state law. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 321 (1918) (concluding that even public defenders do not act under the color of state law when performing "a lawyer's traditional functions."); *Hill v. McClellan*, 490 F.2d 859, 860 (5th Cir. 1974) ("Lawyers who participate in the trial of a private state court litigation are not state functionaries acting under color of state law within the meaning of the Federal Civil Rights Acts . . . ."). Accordingly, the Undersigned recommends that Plaintiff's claims against Spartan Stores, LLC, and Thomas Dixon, Margaret M. Sturgeon, and Heidi N. Eischen be dismissed for failure to state a claim upon which relief can be granted.

(*Id.* at 9-10.)

Plaintiff objects to the Magistrate Judge's Report and Recommendation. (ECF Nos. 6, 10.) In his Objections, Plaintiff asserts that the Magistrate Judge incorrectly applied the *Rooker-Feldman* doctrine to his claim that Ohio's vexatious litigator statute is unconstitutional, and that she, therefore, mistakenly recommended that the Court dismiss his challenge of the statute based on lack of subject matter jurisdiction. (Pl.'s Objections 3, ECF No. 6.); (Pl.'s Supp. Objections 4, ECF No. 10). Plaintiff also asserts that the *Rooker-Feldman* doctrine does not bar this Court from entering a default judgment against defendants in state-court Case Number 05CV-00398. (Pl.'s Supp. Objections 4, ECF No. 10.) In addition, Plaintiff asserts that the "Supreme Court Defendants, Franklin County Judicial Defendants, the Industrial Commission of Ohio Defendants, and the Ohio Bureau of Workers' Compensation Defendants are not

6

clothed with immunity or immune from liability when they have acted under color of state law and caused the deprivation of one's federal rights." (Pl.'s Objections 10, ECF No. 6.) On this point, Plaintiff argues that the Eleventh Amendment does not apply to personal-capacity suits against state officials in federal court. (*Id.* at 7.) Finally, Plaintiff contends that he stated a legitimate state-law claim against the Eastman & Smith Defendants, the Franklin County Clerk of Courts, and Spartan Stores Associates, LLC, pursuant to Ohio Revised Code Sections 2921.13(A)(1) and 2303.08. (*Id.* at 11.)

II.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

III.

The Court has reviewed the Report and Recommendation and Plaintiff's Objections in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b) and finds the decision and analysis of the Magistrate Judge to be correct. First, the Magistrate Judge properly analyzed Plaintiff's claims related to the state court rulings in Case Number 05CV-00398 and Ohio Revised Code Section 2323.54. Insofar as Plaintiff challenges the outcome of state-court Case Number 05CV-00398, his claims are barred under the *Rooker-Feldman* doctrine. Further, Plaintiff's contention that the Magistrate Judge

7

improperly applied *Rooker-Feldman* to his constitutional challenge of Ohio Revised Code Section 2323.54 is unavailing. The Magistrate Judge did not, as Plaintiff contends, apply *Rooker-Feldman* to Plaintiff's constitutional challenge of Ohio Revised Code Section 2323.54. Rather, she explicitly found the *Rooker-Feldman* doctrine to be inapplicable, and instead properly recommended dismissal of that claim on the basis that it has no merit.

In addition, contrary to Plaintiff's assertions, the Magistrate Judge properly concluded that Plaintiff's claims against the Supreme Court Defendants, the Franklin County Judicial Defendants, and the Franklin County Clerk of Courts are barred by absolute judicial immunity. She also properly found that Plaintiff's claims for monetary damages against the Ohio Supreme Court, the Industrial Commission of Ohio, and the Ohio Bureau of Workers' Compensation are barred by the Eleventh Amendment. Thus, the Court finds that the Magistrate Judge properly analyzed Plaintiff's federal claims and concluded that dismissal was appropriate under Section 1915(e).

Finally, although not addressed in the Report & Recommendation, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against the Eastman & Smith Defendants and Spartan Stores Associates, LLC. *See* 28 U.S.C. § 1367(c)(3) (courts must use discretion to determine whether to exercise supplemental jurisdiction over state-law claims when all federal claims have been dismissed); *see also Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) ("[i]f the federal claims are dismissed before trial, the state claims generally should be dismissed as well") (internal quotation marks and citation omitted). Accordingly, Plaintiff's state-law claims are

8

dismissed without prejudice.

## IV.

For the above reasons, the Court **ADOPTS** the July 23, 2014 Report and Recommendation (ECF No. 5), **OVERRULES** Plaintiff's Objections (ECF Nos. 6, 10), **DISMISSES** Plaintiff's federal claims **WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and **DECLINES** to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims, **DISMISSING** these claims **WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**